## COLEMAN *v.* COLEMAN.

1. HUSBAND AND WIFE—ASSIGNMENT OF INTEREST IN LAND CONTRACT NEEDS NO CONSIDERATION.

   As between husband and wife, no creditors being interested, an assignment of an undivided one-half interest in a land contract, with right of survivorship, needed no money consideration.

2. SAME — GIFTS — IN ABSENCE OF FRAUD HUSBAND MAY MAKE GIFTS TO WIFE.

   A husband may, at will, in the absence of fraud, make a gift of property, real or personal, to his wife.

3. DEEDS—HUSBAND AND WIFE—ASSIGNMENT OF INTEREST IN LAND CONTRACT MERGED WITH DEED, WHICH CONTROLS.

   An assignment by a husband to his wife of an undivided one-half interest in a land contract, with right of survivorship, served as a declaration of his intention to vest title in himself and wife as tenants by the entireties, and, whether valid or not, would not prevent his carrying out said intention by, the same day, directing a deed to be made to himself and wife; the land contract and assignment merging in the deed, which controls.

Appeal from Wayne; Jayne (Ira W.), J.   Submitted April 7, 1927.   (Docket No. 39.)   Decided June 6, 1927.

Bill by George W. Coleman and another against Anna Coleman and another to establish an interest in real estate, and for an injunction.   From a decree for plaintiffs, defendant Coleman appeals.   Reversed, and bill dismissed.

*Davidow & Davidow,* for plaintiffs.

*Louis Ott,* for appellant.

[1]Husband and Wife, 30 C. J. § 270; [2]Id., 30 C. J. § 287; [5]Deeds, 18 C. J. § 231; Husband and Wife, 30 C. J. § 92.

WIEST, J.   In 1905, Charles W. Coleman and Marie E. Coleman, his wife, purchased on land contract premises known as 5920 Linwood avenue, city of Detroit.   Marie died, and, in 1907, Mr. Coleman married Anna Coleman, one of the defendants herein, and in the course of this opinion designated defendant. April 17, 1915, Charles W. Coleman assigned to Anna, his wife, an undivided one-half interest in and to the land contract "with right of survivorship, right, claim and interest."   The assignment was signed by Charles, but not acknowledged, witnessed or recorded, and Anna was not informed of its execution.   The same day, the land contract price having been paid, Charles W. Coleman caused the vendor in the land contract to convey the premises, by warranty deed, to "Charles W. Coleman and Anna Coleman, his wife," and April 24, 1915, recorded the deed.   Charles and Anna lived together until the death of Charles in January, 1924. Plaintiffs are sons of Charles W. Coleman and his first wife and filed the bill, in behalf of themselves and other children of the deceased, to have their stepmother adjudged a tenant in common, by virtue of the assignment of an undivided one-half interest under the land contract, and not a tenant by the entireties under the warranty deed, executed that same day.   The circuit judge decreed:

"That after the death of the first wife of Charles W. Coleman the equitable title   *   *   *   was in Charles W. Coleman until such time as he assigned a one-half interest therein to his second wife, Anna Coleman, the defendant herein; that the assignment created a tenancy in common; that the deed which was executed was given to confirm and carry out this ownership and division of title.   *   *   *   That the said undivided one-half interest of Charles W. Coleman in said property descends to his heirs according to the statute of descent and distribution in such case made and provided."

Defendant appealed, and insists she owns the property as survivor in accordance with the deed and the law of estates by the entireties.

The assignment of an undivided one-half interest in the land contract, "with right of survivorship," on the very day title, by warranty deed, was vested in Charles W. Coleman and Anna Coleman, his wife, was in effect but a declaration showing a clear intention to accomplish by deed, on the same day, a vesting of title in husband and wife as tenants by the entireties.

It is said in the brief for plaintiffs:

"It is the contention of the plaintiffs that the assignment of one-half interest in the property was without consideration, and further, that if the assignment is good, it created an estate in common between the said Charles Wesley Coleman and Anna Coleman, his wife; and that the deed subsequently executed should, at the most, have created an estate in common and not an estate by the entireties. It is further the contention of the plaintiffs that the assignment was made without consideration and is void for lack of proper acknowledgment and witnessing and that the said defendant, Anna Coleman, has merely a dower interest in the said property."

As between husband and wife, no creditors being interested, the assignment needed no money consideration. A husband may, at will, in the absence of fraud, make a gift of property, real or personal, to his wife. It would not help plaintiffs to declare the assignment void, and would destroy the stated foundation of the decree they seek to sustain. The assignment did not prevent Mr. Coleman from directing a deed to be made to himself and wife. If the assignment was valid Mr. Coleman had an undoubted right to take a deed vesting title in himself and wife as tenants by the entireties, and the same is equally true if the assignment was void. Whether valid or void, the assignment served as a clear declaration of intention, on the.

part of Mr. Coleman, to vest the title in himself and wife as tenants by the entireties, as he in fact caused to be done by the deed on the same day. The land contract and the assignment merged in the deed and the deed controls. Mr. Coleman could not, were he living, seek to change the deed, and his heirs have no greater rights.

The decree is reversed and the bill dismissed, with costs to defendant Anna Coleman.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.