## CRANE *v.* SMITH.

1. DEEDS—PRELIMINARY AGREEMENTS MERGED IN TITLE.

    All matters in the preliminary agreement relating to the title merged in the deed.

2. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE — EVIDENCE MUST BE CLEAR.

    To reform a written instrument on account of mutual mistake, the evidence of the mistake and the mutuality thereof ought to be clear and satisfactory, so as to establish the fact beyond cavil.

3. SAME—BURDEN OF PROOF.

    In a suit to reform a contract for exchange of property on the ground of mutual mistake, the burden of showing a mutual mistake is on plaintiffs.

4. SAME—EXCHANGE OF PROPERTY—MUTUAL MISTAKE—BURDEN OF PROOF NOT MET.

    In a suit to reform a contract for exchange of property by striking from the deed they received an easement in the nature of a perpetual right to flow part of the land conveyed, on the ground of a mutual mistake that said easement would expire by a certain date by limitation for nonuser, and that defendants had so stated to plaintiffs, where no conditions extrinsic the records, except nonuser, bore upon the effect of the easement, and plaintiffs caused an independent investigation to be made by an attorney of their own selection, who rendered a written opinion that the title was subject to the easement, and who prepared the deed which they accepted, they are in no position to claim that they were deceived by defendants' claimed statement as to expiration of easement without a showing that the advice of their attorney did not undeceive them, and said showing was not made by professing uncertainty as to what their attorney told them.

4. MISTAKE—AS TO LEGAL EFFECT—EQUITABLE RELIEF.

    Mistake as to the legal effect of a written instrument, de-

As to relief from mistake of law as to effect of instrument, see annotation in 28 L. R. A. (N. S.) 785.

On the rule as to merger of stipulations as to title in executory contract for the sale of real estate, in subsequently executed conveyance, see annotation in 31 L. R. A. (N. S.) 457.

Appeal from Clinton; Moinet (Edward J.), J.   Submitted April 6, 1928.   (Docket No. 62, Calendar No. 33,641.)   Decided July 24, 1928.

Bill by John D. Crane and another against Clarence A. Smith and another to reform a contract for an exchange of real property on the ground of mutual mistake.   From a decree for plaintiffs, defendants appeal.   Reversed, and bill dismissed.

*Smith, Hunter & Spaulding,* for plaintiffs.

*Brown, Kelley & Warner,* for defendants.

FEAD, C. J.   On August 17, 1918, after some negotiations conducted through Hall, their mutual agent, the parties executed a written contract for an exchange of farms, with abstracts to be furnished and time allowed to have them examined by competent persons for merchantable title, the deeds to be executed within ten days.   On August 28, 1918, the deeds were executed, from plaintiffs to defendants, and from Mrs. Smith to plaintiffs.   Clarence A. Smith had no interest in his wife's farm, but acted as her agent in conducting the negotiations.

The contract provided for an exchange of the "respective equities" of the parties, each to assume the mortgage and land contract obligations on the premises received.   The deed to plaintiffs contained an exception in the warranty clause "as to the leases, options and easements appearing of record in the office of the register of deeds of said Clinton county" in certain libers of deeds and on pages named.   The records so designated cover the conveyance in 1905 of perpetual right to flow 16.92 acres of land included in plaintiffs' deed.   The right is in the Piatt Power & Heat

Company, evidently a defunct corporation, and has never been exercised by use.

After acquiring the title, plaintiffs executed a contract for sale of part of the farm conveyed to them by Mrs. Smith, agreeing to convey unincumbered title, and, in a later action by the assignees of the contract, were required to pay damages of $1,700 on account of the flowage exception to the title. Defendants were not made parties to that suit. The plaintiffs brought this action in January, 1924, for reformation of the deed on the ground of mutual mistake and for reimbursement for the damages of $1,700, paid their contract purchaser, and expenses. The mutual mistake claimed was the belief of both parties that the flowage rights expired in 1920. Plaintiffs had decree of reformation striking the flowage easement clause from the deed and for money damages.

Defendants claimed, and plaintiffs denied, that plaintiff Crane was informed of the outstanding easement before the preliminary contract was executed. Crane testified that, before the deed was executed, Smith told him that Mr. Ray Latting had said the flowage rights would expire in 1920. Latting is an attorney, but Crane said he did not know him nor his occupation. Smith testified that he told Crane he understood the easement would expire in 1920 by limitation for non-user, but asserted that he further told him the price of the farm would be the same regardless of the easement. Crane denied the latter statement.

After the contract was executed, Crane, or Hall as his agent, or both, submitted the abstract to Mr. Dean Kelley, an attorney, who gave them a written opinion that the title was "subject to easement as to flowage and water power rights purported to be held by Piatt Power & Heat Company." Crane told Kelley what Smith had said about the expiration of the easement. At the hearing he did not remember what Kelley ad-

243—Mich.—29.

vised him about the flowage rights. Kelley drafted the deed, which plaintiffs accepted. He was not produced as a witness.

All matters in the preliminary agreement relating to the title merged in the deed. *Goodspeed* v. *Nichols,* 231 Mich. 308.

To reform a written instrument on account of mutual mistake, the evidence of the mistake and the mutuality thereof ought to be clear and satisfactory, so as to establish the fact beyond cavil. *Burns* v. *Caskey,* 100 Mich. 94; *Kenyon* v. *Cunningham,* 146 Mich. 430; *Lyons* v. *Chafey,* 219 Mich. 493; 34 Cyc. p. 984; 23 R. C. L. p. 367.

The plaintiffs have not sustained the burden of such showing of mutual mistake. No conditions extrinsic the records, except nonuser, bore upon the effect of the easement. The whole story was written upon the public records and was read by plaintiffs' attorney. The attention of the latter was expressly called to Smith's statement to Crane about the expiration of the flowage rights. Having caused an independent investigation to be made by an attorney of their own selection, to whom the facts were open and known, the plaintiffs are not in a position to continue to claim that they accepted Smith's statement of the time of expiration, without at least a fair showing that the advice of their attorney did not undeceive them. Crane did not make the required showing by professing uncertainty as to what his attorney had told him.

The deed was drafted by plaintiffs' attorney, upon full knowledge of the facts and claims. There was no showing that he made a mistake in stating its agreed terms. The mistake, if any, was purely one of law, "an erroneous conclusion as to the legal effect of known facts." 40 C. J. p. 1228. Mistake as to the legal effect of a written instrument, deliberately executed and adopted, constitutes no ground for relief in

equity. *Holmes* v. *Hall*, 8 Mich. 66 (77 Am. Dec. 444); *Martin* v. *Hamlin*, 18 Mich. 354 (100 Am. Dec. 181).

The decree will be set aside and the bill dismissed, with costs to defendants.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.