MUELLER *v.* BANKERS TRUST CO. OF MUSKEGON.

1. VENDOR AND PURCHASER—ASSIGNMENTS—WAIVER—ESTOPPEL.

Vendor, by accepting performance by vendee's assignee and deeding to assignee, recognized validity of assignment, and is thereafter estopped from questioning it.

2. COVENANTS—RUNNING WITH LAND—TEST.

Test as to whether covenant runs with land or is merely personal, is whether covenant concerns thing granted and occupation or enjoyment of it, or is collateral and personal covenant not immediately concerning thing granted.

3. SAME—COVENANT TO BUILD BRIDGE RUNS WITH LAND.

Covenant to build bridge related to essential to enjoyment and use of lots conveyed, entered materially into agreed consideration to be paid, was not collateral to or independent thereof, and therefore ran with land.

4. SAME—VENDOR AND PURCHASER—ASSIGNS.

That covenant to build bridge was inserted in land contract after, instead of before, provision binding heirs and assigns of

parties, which was only place in contract available to put it, *held*, not to limit it to vendee only, but that it applies equally to assigns.

5. Deeds—Merger of Contract—Exception.

Generally, contract to convey land is merged in deed executed in performance of such contract, and deed operates as satisfaction and discharge of executory contract, but where contract contains stipulation of which conveyance is not performance, such stipulation survives and is not merged in deed.

6. Same—Covenants—When Covenant Not Extinguished by Deed.

Covenant in contract for sale of lots to build bridge was collateral to contract for deed, and was obligation independent of conveyance of title, possession, quantity, and emblements, and therefore execution of deed did not extinguish said covenant, which was not incorporated in deed.

7. Covenants—To Build Bridge—Discharge of Covenant.

Construction of unsubstantial, flimsy bridge, which, within three years, was swept away by high water, *held*, not to discharge covenant in land contract to build bridge, which was essential to enjoyment and use of land, although covenant contained no specification that it should be suitable and have some degree of permanency.

8. Same—Breach of Covenant—Damages.

Where purchaser of land was prevented from using it by vendor's breach of covenant to construct bridge, purchaser *held*, entitled to recover interest on purchase price plus taxes paid, as damages.

9. Same—Value of Shrubbery Lost.

Trees and shrubs planted on land which purchaser was prevented from using by vendor's breach of covenant to build bridge, *held*, not so connected with said covenant as to entitle purchaser to recover value of those that died as damages for said breach.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 10, 1933. (Docket No. 81, Calendar No. 36,984.) Decided March 1, 1933.

Assumpsit by Rose Mueller against Bankers Trust Company of Muskegon, trustee, for breach of

covenant to build bridge. Judgment for plaintiff. Defendant appeals. Reduced and affirmed.

*Cross, Foote & Sessions,* for plaintiff.

*Arthur W. Penny,* for defendant.

WIEST, J. A plat of land was so located that a bridge across a creek or the establishment of a way to a public road was essential, and defendant, vendor in a land contract dated June 18, 1926, covenanted with Joseph McDonald, the purchaser of two lots at the price of $2,000, as follows:

"It is understood and agreed that first party will either build a bridge across Green creek or will provide a right of way out to Memorial Drive."

The land contract was the usual printed short form, and the mentioned covenant was inserted after the clause binding the heirs, executors, administrators, and assigns of the parties. A bridge was built in 1926 and in use in March, 1927, when the vendee assigned the contract to plaintiff herein. June 24, 1927, plaintiff paid the balance due on the contract and received a warranty deed. In the spring of 1928 one approach to the bridge was washed out by high water, and in the spring of 1929 high water carried the bridge away. In April, 1931, plaintiffs brought this action to recover damages arising out of defendant's failure to construct a suitable bridge, and, upon trial before the court, was awarded $625, as interest on her investment for five years, $297.22, loss of expenditure on shrubbery and trees, and $131.16 for taxes paid. Defendant appealed.

The land contract was assigned by the vendee contrary to its provisions, and defendant urges want of privity. When defendant accepted performance

of the contract by the assignee and deeded to the assignee, it recognized the validity of the assignment and cannot now urge what it then waived. Did the covenant to build a bridge pass to plaintiff under the assignment of the contract? The answer depends upon whether the covenant ran with the land or was personal to the vendee. The bridge was located wholly apart from the lots, but the covenant related to an essential to enjoyment and use of the lots, and, therefore, entered materially into the agreed consideration to be paid. This benefit to the lots attached to the land, was not collateral to or independent thereof, and ran with the land.

In *Keogh* v. *Peck*, 316 Ill. 318 (147 N. E. 266, 38 A. L. R. 1151), the rule on this subject was stated as follows:

"The test as to whether a covenant runs with the land or is merely personal, is whether the covenant concerns the thing granted and the occupation or enjoyment of it, or is a collateral and personal covenant not immediately concerning the thing granted. If a covenant concerns the land and the enjoyment of it, its benefit or obligation passes with the ownership, but to have that effect the covenant must respect the thing granted or demised and the act to be done or permitted must concern the land or the estate conveyed. In order that a covenant may run with the land its performance or non-performance must affect the nature, quality or value of the property demised, independent of collateral circumstances, or must affect the mode of enjoyment."

The fact that the covenant was inserted in the contract after, instead of before, the provision binding the heirs and assigns of the parties is significant only of the fact that, in the printed form used, there was no other place to put it. There is no merit in

the claim that such place of the covenant in the contract limited it to the vendee and not as well to an assign.

When the executory contract merged in the deed, without equivalent covenant carried forward, was the land contract and all of its covenants at an end?

Defendant invokes the general rule, stated in *Blake-McFall Co.* v. *Wilson*, 98 Ore. 626 (193 Pac. 902, 14 A. L. R. 1275):

"Stated broadly, the general rule is that a contract to convey land is merged in a deed executed in performance of such contract and the deed operates as a satisfaction and discharge of the executory contract: 2 Devlin on Real Estate (3d Ed.), § 850a; 27 R. C. L. p. 529."

This general rule is well established. *Coleman* v. *Coleman*, 239 Mich. 139; *Crane* v. *Smith*, 243 Mich. 447; *Joseph* v. *Rottschafer*, 248 Mich. 606. But, as pointed out in *Blake-McFall Co.* v. *Wilson, supra*:

"There is a class of cases, however, where it is held that, if the preliminary contract contains a stipulation of which the conveyance is not a performance, such stipulation survives and is not merged in the deed: 27 R. C. L. p. 532; 2 Devlin on Real Estate (3d Ed.), § 850b. In other words, the deed effects a merger to the extent that it is contemplated that a deed shall be a performance of the contract."

In *Goodspeed* v. *Nichols*, 231 Mich. 308, we noted the general rule and the exception thereto, stating:

"As to plaintiff's claim of merger, it may be conceded that a deed made in full execution of a contract for the sale of land is presumed to merge the provisions of a preceding contract pursuant to which it is made, including all prior negotiations and agree-

ments leading up to execution of the deed, with the long recognized exception that—

" 'Where, however, the deed constitutes only a part performance of the preceding contract, other distinct and unperformed provisions of the contract are not merged in it. And where a contract of sale provides for the performance of acts other than the conveyance, it remains in force as to such other acts until full performance.' 18 C. J. p. 271."

The covenant was collateral to the contract for the deed and an obligation independent of conveyance of title, possession, quantity, and emblements. The deed did not extinguish the covenant to build the bridge.

"Did the plaintiff, by accepting the deed, accept the bridge then built and in existence as sufficient?"

The trial judge found that the bridge was not such a bridge as the contract called for. The bridge was unsubstantial, approaches thereto were mere earth fill, the structure was but three feet above low water, rested upon piles driven down but a short distance, had no element of durability or desirability, and soon after the execution of the deed one approach washed away and left a space where row boats passed through, and the next year the whole flimsy structure, erected at a cost of $265, was swept away by high water. Surely the parties never would have agreed upon such a bridge, and we experience no hesitation in joining in the holding of the circuit judge. The covenant to build a bridge needed no specification that it should be suitable and have some degree of permanency. The plaintiff, by accepting the deed conveying title to the lots, did not thereby, without more, accept the bridge in fulfillment of the covenant.

*Damages.* Without establishing the rule of damages employed by the circuit judge, we think, under the circumstances, the defendant is in no position to complain. Plaintiff had planned to build on the premises and establish thereon a commercial tea garden, but, with access to the premises cut off, she was prevented from doing so.

Defendant received $2,000 for the lots. The lots, inclusive of $500 paid her assignor, have cost plaintiff $2,500, and the circuit judge awarded interest on that sum to plaintiff. Plaintiff has been out the use of that sum, but defendant has not had the use of more than the contract price of $2,000, and interest on that sum only was proper.

Shrubbery and trees were planted on the lots at the expense of $450, and two-thirds thereof died, and the court awarded $297.22, for loss of such expenditure. Trees and shrubs transplanted carried no guaranty of life, and we think this item was unconnected with the covenant to build the bridge and so problematical as to afford no element of damages.

Taxes paid, without use of the property because of no bridge, as covenanted, may be recovered.

We find no error in the case, except in the computation of damages. The case is remanded to the circuit court with direction to enter judgment for plaintiff in the sum of $631.16. No costs in this court to either party.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.