HERMINGHAUSEN v. PIERCE.

No. 27928.   May 28, 1940.

Rehearing Denied July 2, 1940.

*104 P. 2d 252.*

Omar E. Herminghausen, of Ft. Madison, Iowa, and Reily & Reily, of Shawnee, for plaintiff in error.

Monnet & Savage, of Tulsa, C. B. Mc-Crory, of Okmulgee, and G. C. Abernathy and Kenneth Abernathy, of Shawnee, for defendant in error.

OSBORN, J. This action was instituted in the district court of Pottawatomie county by R. H. Pierce, hereinafter referred to as plaintiff, against O. C. Herminghausen, hereinafter referred to as defendant, wherein plaintiff sought to recover damages for failure to execute a certain conveyance of mineral interests in lands owned by defendant, pursuant to a contract for sale thereof. A jury verdict was returned in favor of plaintiff, and defendant has appealed.

Defendant owned 40 acres of land in Pottawatomie county subject to an oil and gas lease thereon. He was an attorney by profession and a resident of Fort Madison, Iowa. Plaintiff was a dealer in oil and gas properties. Plaintiff purchased from defendant a one-half interest in the minerals in the 40-acre tract subject to the oil and gas lease. Plaintiff alleges that by mistake the property was described in the mineral deed as "one-half of one-eighth royalty," and that the description should have been "one-half of the one-eighth royalty interest." Plaintiff was present when the deed was prepared, and after the same was executed by defendant, he accepted the same and paid defendant the agreed consideration of $10,000. In attempting to sell certain fractional parts of said mineral interests, his title was questioned by attorneys for the prospective purchasers on account of the ambiguous description of the interest so conveyed, and he was unable to make sales of such interests. He attempted to procure another conveyance from defendant containing a more complete description of the interest conveyed, but defendant refused to execute further conveyances, as, in his opinion, the description was sufficient to convey the interest contracted for, that is, one-half of the mineral interests subject to the oil and gas lease. Thereafter the mineral interests greatly depreciated in value.

The prayer of plaintiff's petition is for $25,000 damages occasioned by the failure and refusal of defendant to "execute and deliver to this plaintiff a proper deed or instrument of conveyance, conveying to plaintiff in unambiguous language the property so purchased and paid for by plaintiff."

The cause was tried to a jury. There is very little conflict in the evidence as to the material points. The deed was prepared in the office of the defendant by defendant's secretary. There is a dispute as to whether plaintiff or defendant dictated the terms of the conveyance to the secretary, but plaintiff agrees that he was present when the instrument was prepared, that he inspected the same and accepted it.

The jury was instructed that the instrument conveyed to plaintiff "a two and one-half acre interest instead of a 20-acre interest", and that a verdict should be returned for plaintiff in the sum of $8,750, with interest thereon, and that if defendant acted in bad faith in refusing to convey the omitted undivided seventeen and one-half acre oil and gas royalty to plaintiff, a verdict should be returned for the above named amount "plus the difference between $8,750 and the reasonable market value of said undivided seventeen and one-half acre oil and gas royalty interest between January 4, 1929, and January 21, 1929, not to exceed $8,750." The jury returned a verdict for plaintiff fixing the amount of his recovery in the sum of $8,750, with interest, and the

further sum of $1,000 damages, with interest.

There is considerable argument in the briefs with regard to the interest actually conveyed by the description to which we have referred, but, as we view the issues presented, there is no necessity of determining that question, and on that point we express no opinion.

This cause was tried and briefed upon the theory that this is an action for "breach of an agreement to convey an estate in real property," within the meaning of that term as used in section 9969, O. S. 1931, 23 Okla. St. Ann. § 27, which section fixes the measure of recovery. We conclude that this statute is in no wise applicable to the issues presented; therefore, the authorities presented and the argument contained in the briefs are of no value in determining the issue.

The statute deals with the "breach of an agreement to convey," that is, with contracts executory in nature, and has no application to contracts which are fully executed. In the case of Walker v. Close, 98 Fla. 1103, 125 So. 521, it was said:

"A very marked distinction between (1) the right of a vendee, after a contract has been executed by a conveyance of the land, and (2) his right, while the contract is in the executory state, is that in the first case defects in the title, which expose him to the hazard of litigation or the threat of litigation, do not generally entitle him to any relief against his vendor. It is otherwise, if he is under an executory contract; the vendee in such a contract will not be required to accept the conveyance of a title so clouded by defects as to expose him to the hazard of litigation, or which may require him to resort to litigation, in order to clear his title from outstanding claims or defects. 57 A. L. R. 1300."

See, also, L. A. Leathers Development Co. v. Orange Investment Co. (Fla.) 120 So. 329, and cases therein cited.

In the case of Baker v. Letzkus (W. Va.) 182 S. E. 761, it was said:

"One who accepts a deed generally has no remedy for defect of title except such as the covenants in his deed may give him. If, therefore, there are no covenants, he has no redress though he gets no title. He can neither sue on an implied warranty nor can he recover because of failure of consideration. * * * 2 Williston on Contracts, par. 926."

In the case of Jordan v. Jordan, 145 Tenn. 378, 239 S. W. 423, it was said:

"There is a well-recognized difference between the right of a party to rescind an executory and executed contract for the purchase of land. In the case of an executed contract the purchaser must rely upon the covenants of his deed, and cannot, before eviction, come into equity for rescission of his contract except for fraud. Such purchaser has no remedy except upon the covenants of his deed."

In the case of Mueller v. Bankers Trust Company of Muskegon, 262 Mich. 53, 247 N. W. 103, the court quoted with approval from the case of Blake-McFall Co. v. Wilson, 98 Ore. 626, 193 P. 902, 14 A. L. R. 1275, as follows:

"Stated broadly, the general rule is that a contract to convey is merged in a deed executed in performance of such contract, and the deed operates as satisfaction and discharge of the executory contract. 2 Devlin on Real Estate (3rd Ed.) par. 850; 27 R. C. L. 529."

In support of the general rule the court referred to the cases of Coleman v. Coleman, 239 Mich. 139, 214 N. W. 81; Crane v. Smith, 243 Mich. 447, 220 N. W. 750; Joseph v. Rottschafer, 248 Mich. 606, 227 N. W. 784.

In the case of Loftis v. Clay (Ga.) 139 S. E. 668, the court quoted with approval from 27 R. C. L. 529, par. 260, as follows:

"Where an executory contract is carried out by a conveyance which is accepted by the purchaser, this, in the absence of fraud, accident, or mistake, operates as a discharge of the executory contract and regulates the rights and liabilities of the parties; and, if the deed is tendered by the vendor as

504

a full performance of the contract, it is immaterial that the purchaser protested against accepting it as such. This is so though the deed thus accepted varies from that stipulated for in the contract."

In the absence of evidence of mistake, misrepresentation, or fraud, if the purchaser accepts the conveyance, the agreement to convey is discharged. Stanley v. Parsons (Wash.) 286 P. 654.

See, also, Annotations and authorities, 65 A. L. R. 1142; 50 A. L. R. 183; 27 R. C. L. 626, par. 381.

In the instant case it is not charged that fraud or deceit entered into the negotiations or the execution and delivery of the instrument herein involved. Defendant was and is of the view that the instrument is effective to convey the interest contemplated by the parties and according to their oral agreement. The instrument was prepared and executed with the understanding on the part of both parties that the same embodied their agreement. When plaintiff accepted the instrument and paid the consideration, the transaction was then and there closed and the contract fully executed, and the executory contract discharged. Plaintiff may not now maintain an action predicated upon a breach of a contract to convey. He must look to the instrument and its covenants. If the conveyance is incomplete or its terms ambiguous, equity will grant reformation to comply with the intentions of the parties, but equity will not impose liability for damages upon defendant for breach of a contract to convey, since such contract is discharged by the instrument accepted by him as full compliance with the oral obligation.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of defendant.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur. WELCH, V. C. J., and DAVISON, JJ., concur in conclusion. RILEY and GIBSON, JJ., dissent.