SNIDER v. MONTGOMERY.

No. 29439. March 4, 1941.

*111 P. 2d 196.*

Roger L. Stephens and Ted Foster, both of Oklahoma City, for plaintiff in error.

B. H. Carey, of Oklahoma City, for defendant in error.

GIBSON, J. This is an action for specific performance of an oral contract to convey real estate, or for reformation of a deed executed pursuant to the contract but allegedly deficient as to the quantity of land agreed to be conveyed. Judgment was for plaintiff decreeing specific performance and reformation as prayed, and defendant appeals.

Defendant was the owner of a tract of land containing approximately 8 1/5 acres. She agreed to convey to plaintiff 2½ acres off the south side thereof for a specified cash consideration. She executed her deed describing the land by metes and bounds and delivered same to plaintiff and accepted the agreed sum in payment.

Plaintiff charges that the tract described in the deed failed to contain 2½ acres as agreed, but contained only 2 3/8 acres.

Defendant charges that plaintiff was well aware of the dimensions of the tract as described in the deed long before he accepted the same and parted with his money in payment thereof. She admits that the tract conveyed, exclusive of the adjacent highway, contained but 2 3/8 acres, but asserts that the deed conveyed by implication all the land to the center of the highway, and in all amounted to 2½ acres. She alleges that plaintiff knew at the time he accepted the deed that the tract conveyed, exclusive of the highway, contained only 2 3/8 acres. She also pleaded a custom as existing in Okla-

homa county and the state to the effect that when land bordering on a highway was referred to as containing a definite amount of acreage, all parties knew and understood that half the adjoining highway was always included therein. It is asserted that the deed actually conveyed all the land to the center of the highway, and, due to the custom aforesaid, she fulfilled her agreement to convey 2½ acres.

The 8 1/5 acres above mentioned actually consisted of two parcels with a common boundary line running east and west. Both abutted upon a section line highway to the east. In the record title the parcels were described separately by metes and bounds, and were carried in one abstract as separate tracts. The one on the north was designated therein as containing 3.20 acres, more or less, and the one to the south 5 acres, more or less.

The uncontradicted evidence shows that the defendant, pursuant to the oral agreement, furnished plaintiff with the abstract of title covering the entire 8 1/5 acres. Plaintiff had the same certified to date. It contained the abstracter's plat showing the two adjacent tracts, with the common boundary line aforesaid, and the dimensions of each tract in feet, not including the highway. The south tract, commonly referred to in the record title as containing five acres, more or less, was shown by said plat to extend 627 feet east and west, by 330 feet north and south.

And further, it is admitted by all parties that the defendant, pursuant to the oral agreement, furnished plaintiff with a separate plat prepared by a surveyor showing the north tract described separately, and the south tract divided in two equal parts with a common boundary running east and west, and each described fully by metes and bounds with the dimensions thereof designated in feet. Each of said two tracts was shown to extend 627 feet east and west, not including the highway, by 165 feet north and south, and each was designated as 2½ acres.

Plaintiff knew he was purchasing the tract on the south. He was in possession of the abstract and separate plat for several days before the deed was executed and delivered. He testified that he noticed the dimensions on the plat but failed after some research to learn whether the number of square feet therein shown constituted 2½ acres. Subsequent to the delivery of the deed he learned that the tract described therein and in the plat aforesaid contained only 2 3/8 acres.

The case may be summed up as follows: Defendant agreed orally to convey to plaintiff 2½ acres off the south side of her tract of land containing 8 1/5 acres. In an attempt to comply with the agreement defendant tendered plaintiff a deed conveying to him a parcel off the south side of said tract measuring 165 feet by 627 feet, which was slightly less than 2½ acres in area. Plaintiff had known for several days that defendant intended to convey him this particular parcel in fulfillment of the oral agreement, but he accepted the deed without protest, and paid the consideration. His only excuse for not objecting was his failure to learn how many square feet were contained in an acre. Plaintiff was a lawyer and well understood the nature of the transaction. Defendant committed no overt act of fraud upon plaintiff, nor was she guilty of any material concealment of facts or circumstances material to the transaction. She agreed to convey 2½ acres, but long before the deal was closed she submitted to plaintiff the description of the parcel she intended to convey to him in compliance with the agreement. The area of the parcel was clearly indicated in square feet. Though it contained less than 2½ acres, plaintiff accepted the conveyance.

We agree with defendant that the plaintiff by his acts aforesaid consented to a modification of the oral agreement. The rule to be applied here is stated in Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362, and reads as follows:

"In the absence of fraud or mistake, the acceptance of a deed or writing containing provisions in contravention of a prior parol agreement amounts to a modification of the former agreement."

See, also, Herminghausen v. Pierce, 187 Okla. 501, 104 P. 2d 252, and authorities there cited.

Plaintiff is therefore not entitled to reformation of the deed or to specific performance of the oral agreement. It is unnecessary to discuss the question of the propriety of a plea for specific performance in this case. Whether the agreement was merged in the deed, we do not say (McClelland v. Ehrig, 65 Okla. 174, 156 P. 307). Neither is it necessary for us to consider the alleged custom above mentioned or the effect of the deed with relation to the ownership of the highway.

The judgment was against the clear weight of the evidence and must be reversed.

Judgment reversed.

WELCH, C. J., CORN, V. C. J., and OSBORN and DAVISON, JJ., concur.