HART *v.* KUHLMAN.

1. COVENANTS—SELF-IMPOSED RECIPROCAL NEGATIVE EASEMENTS.
    Builder seeking to erect a shingle house on corner lot so as to
    have entrance thereto from side street, which was not in
    violation of recorded restrictions, would not be further re-
    stricted at suit of neighboring owners seeking to compel
    observance of self-imposed reciprocal negative easement that
    houses be built of brick and have entrances to front of lot.

2. SAME—SET-BACK RESTRICTION.
    The fact that proposed house would set back 27 feet from
    street line would be no violation of restriction that it be set
    back at least 25 feet.

3. SAME—FLAT ROOF.
    A flat roof over a dormer is not a violation of a restriction
    against a house with a flat roof.

4. EASEMENTS—RECIPROCAL NEGATIVE EASEMENTS.
    Reciprocal negative easements arise, if at all, out of a benefit
    accorded land retained, by restrictions upon neighboring land
    sold by a common owner, and cannot arise and fasten upon
    one lot by reason of other lot owners conforming to a general
    plan.

Appeal from Wayne; Nicol (Henry G.), J. Sub-
mitted April 16, 1941. (Docket No. 85, Calendar
No. 41,461.) Decided June 2, 1941.

Bill by John B. Hart, Margaret E. Hart, and Carl
Mingione against Leo Kuhlman to restrain the vio-
lation of alleged building restrictions. Bill dis-
missed. Plaintiffs appeal. Affirmed.

*Anthony Nelson,* for plaintiffs.

*Harry W. Theisen,* for defendant.

WIEST, J.   This is an injunction bill by neighboring owners of lots with residences thereon to restrain defendant from erecting a dwelling house on a lot owned by him at the northwest corner of Buckingham road and Linville avenue in the East Detroit Development Company's subdivision No. 2, of part of private claim 379 in the city of Detroit, on the ground that the house will violate recorded restrictions and also reciprocal negative easements imposed thereon by common consent and action among other owners of lots in an endeavor to keep it a high-grade residence district.   The subdivision was platted in 1916, and the owners placed of record certain restrictions, among which the one pertinent to this case was as follows:

"All dwelling houses erected on Buckingham-* * * roads, shall have full basements built to grade not exceeding 18 inches above the front sidewalk grade, and shall be erected at least 25 feet from the front or street lot line and 5 feet from the north lot line."

Defendant is erecting a so-called shingle house on the corner lot, with entrance facing Linville, instead of Buckingham road.   This is no violation of the recorded restrictions, but plaintiffs seek to add thereto restrictions arising out of common effort of builders of other residences on Buckingham road to have only brick-constructed houses, with entrances facing that street.   Efforts of others to create a particular grade of residences cannot establish a right to have like purpose fastened on one who has not been a party to such plan.

The bill was dismissed and plaintiffs appeal.

There is but one question here and that is, whether a reciprocal negative easement can be fastened upon use by defendant of his property by reason of en-

deavor of other property owners to conform to restrictions self-imposed.

Plaintiffs cannot, by their own desire and action in accord therewith, in the absence of joinder therein by defendant, constitute their tenements dominant in respect to use by defendant of his property.

The fact that defendant's house sets back 27 feet was no violation of the restriction that it be set back at least 25 feet from the street line. A flat roof over a dormer was not a violation of the restriction against a house with a flat roof. The entrance door on the side street instead of facing Buckingham road was contrary to plaintiffs' desire but not to any imposed restriction.

In *Sanborn* v. *McLean*, 233 Mich. 227 (60 A. L. R. 1212), in speaking of reciprocal negative easements, we said:

"They arise, if at all, out of a benefit accorded land retained, by restrictions upon neighboring land sold by a common owner. Such a scheme of restrictions must start with a common owner; it cannot arise and fasten upon one lot by reason of other lot owners conforming to a general plan."

The rights of defendant cannot be made to rest upon a mere neighborhood plan to which he was not a consenting party. This is not an instance of a grantor doing something on his remaining property which he has restrained his grantee from doing on neighboring premises.

The decree dismissing the bill is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.