PATTERSON v ALLEGAN COUNTY SHERIFF

Docket No. 136538. Submitted December 9, 1992, at Lansing. Decided May 17, 1993, at 9:25 A.M.

Chester Patterson brought an action in the Allegan Circuit Court against the Allegan County Sheriff, seeking under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, official police booking photographs of two females confined in the county jail and punitive damages for the sheriff's refusal to provide the photographs. The court, George R. Corsiglia, J., granted summary disposition for the sheriff and dismissed the action, ruling that the photographs were not public records subject to disclosure under the FOIA. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. The FOIA defines "public record" as a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, and defines "writing" to include photographing and pictures. Under clear and unambiguous language of the FOIA, the photographs at issue are public records.

2. The privacy exemption of the FOIA, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a), does not apply to the photographs.

3. Because the sheriff's denial of the plaintiff's request was not arbitrary or capricious, the plaintiff is not entitled to an award of punitive damages under MCL 15.240(5); MSA 4.1801(10)(5).

Reversed.

RECORDS — FREEDOM OF INFORMATION ACT — BOOKING PHOTOGRAPHS.

A booking photograph of a county jail inmate kept in the files of a county sheriff is a public record under the Freedom of Information Act; disclosure of such photographs may not be withheld on the basis of the privacy exemption of the act (MCL 15.232[c], [e], 15.243[1][a]; MSA 4.1801[2][c], [e], 4.1801[13][1][a]).

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 36-46.19.

Validity, construction, and application of statutory provisions relating to public access to police records. 82 ALR3d 19.

Chester Patterson, in propria persona.

Before: MICHAEL J. KELLY, P.J., and FITZGERALD and TAYLOR, JJ.

TAYLOR, J. Plaintiff, Chester Patterson, appeals by leave granted a circuit court order granting summary disposition to defendant, the Allegan County Sheriff, and dismissing plaintiff's action under the Freedom of Information Act[1] (FOIA). We reverse.

The operative facts are undisputed. Plaintiff, a prisoner, sent defendant a letter requesting official police booking photographs (mug shots) of two female prisoners who were then in the custody of the sheriff's department. Defendant responded to this request with a written denial that was based on a departmental policy not to make such photographs available except to police agencies.

Plaintiff filed suit and moved for partial summary disposition. In response, defendant argued that the requested mug shots are not public records as defined in MCL 15.232(c) and (e); MSA 4.1801(2)(c) and (e), and asserted that its nondisclosure policy is intended to prevent unwarranted invasions of the privacy of arrested individuals. The trial court granted summary disposition to defendant under MCR 2.116(I)(2) on the ground that the mug shots are not public records because they lack meaningful content.

The pivotal issue in this case is whether a mug shot is a public record under the FOIA. The clear and unambiguous language of the statute leads to the unequivocal conclusion that a mug shot is a public record. A public record is defined as a "writing prepared, owned, used, in the possession of, or retained by a public body in the performance

[1] MCL 15.231 et seq.; MSA 4.1801(1) et seq.

of an official function,"[2] and a writing is defined as "photographing" and "pictures".[3] The phrase "or other means of recording or retaining meaningful content" at the end of MCL 15.232(e); MSA 4.1801(2)(e) is a catchall, not a modifier. In any event, contrary to defendant's argument, a mug shot does contain meaningful content.

Defendant's contention that the photographs are nondisclosable under the privacy exemption is also without merit. MCL 15.243(1)(a); MSA 4.1801(13)(1)(a); *Detroit Free Press, Inc v Oakland Co Sheriff,* 164 Mich App 656, 660-666; 418 NW2d 124 (1987).

We disagree with plaintiff's claim that he is entitled to punitive damages under MCL 15.240(5); MSA 4.1801(10)(5). Defendant's denial of the FOIA request, albeit wrong, was not arbitrary or capricious. *Tallman v Cheboygan Area Schools,* 183 Mich App 123, 126; 454 NW2d 171 (1990); *Walloon Lake Water System, Inc v Melrose Twp,* 163 Mich App 726, 734; 415 NW2d 292 (1987).

We decline to review plaintiff's discrimination claims because he has failed to cite any authority to support those claims. We will not search for authority to sustain a party's position. *Byrne v Schneider's Iron & Metal, Inc,* 190 Mich App 176, 183; 475 NW2d 854 (1991).

Reversed.

---

[2] MCL 15.232(c); MSA 4.1801(2)(c).

[3] MCL 15.232(e); MSA 4.1801(2)(e).