CHAPDELAINE v SOCHOCKI

Docket No. 219381. Submitted March 13, 2001, at Detroit. Decided August 17, 2001, at 9:10 A.M.

Thomas Chapdelaine brought an action in the Oakland Circuit Court against Ralph E. and Linda Sochocki, seeking an easement over a parcel of realty sold by the plaintiff to the defendants. The plaintiff sought the easement for access to an adjoining parcel owned by the plaintiff and left landlocked following the sale to the defendants. Following a bench trial, the court, Robert L. Templin, J., granted the plaintiff an easement, determining that an easement was established by reservation and by necessity. The defendants appealed.

The Court of Appeals *held*:

1. The trial court did not err in finding that the plaintiff had reserved an easement. The easement language in the plaintiff's counteroffer memorandum, in which the plaintiff included the access easement as a condition of sale, and the plaintiff's insertion of this condition into the purchase agreement manifested a clear intent by the plaintiff to create an easement. The easement language was sufficient evidence of the parties' intent to create an easement over the defendants' property.

2. The plaintiff's failure to include the easement language in his warranty deed to the defendants did not render the easement invalid. Generally, a deed executed in performance of a contract for the sale of land operates as satisfaction and discharge of the terms of the executory contract. However, an exception exists where the deed does not constitute full performance of the purchase agreement. In this case, the easement reserved by the plaintiff was not capable of fulfillment until after the deed was delivered and, therefore, was not fulfilled by the deed. Because the deed the plaintiff delivered to the defendants did not constitute full performance of the easement provision in the purchase agreement, the doctrine of merger does not apply to extinguish the plaintiff's express easement reservation.

3. The trial court did not err in finding that the plaintiff is entitled to an easement by necessity. An easement by necessity may be implied by law or created by grant or reservation where an owner

of land splits the property into two parcels and sells one, leaving one of the parcels landlocked except for access across the other parcel. Access rights will be implied unless the parties clearly indicate they intended a contrary result. In this case, the plaintiff showed that the easement was reasonably necessary to his enjoyment of the parcel he retained, and the defendants did not clearly and expressly manifest an intent that the plaintiff was to have no access rights.

4. Contrary to the defendants' contention, the trial court did not reform the deed. The trial court merely granted the plaintiff an easement and provided a legal description of the easement.

5. The doctrine of law of the case did not preclude consideration by the trial court of the issue of easement by reservation. In a prior, unpublished opinion, the Court of Appeals reversed the trial court's grant of summary disposition for the plaintiff on his claim of easement by necessity, but did not address the issue of easement by reservation. Thus, there is no law of the case with respect to easement by reservation.

6. The trial court's dismissal of the defendants' claim for damages cannot be addressed in this appeal inasmuch as the claim arose in another case involving the parties, leaving the Court of Appeals, in this appeal, without jurisdiction over the claim.

Affirmed.

1. EASEMENTS — EXPRESS RESERVATION.

An easement may be created by an express reservation in a document of conveyance; to create an express grant or reservation of an easement, there must be language in the instrument of conveyance manifesting a clear intent to create the easement; it is not necessary that the party reserving the easement right use any particular words as long as the intent to claim an easement is apparent and it is described sufficiently so that the easement and the parcel of land to which the right is attached can be determined, using parol evidence if necessary.

2. EASEMENTS — LANDLOCKED PARCELS.

An easement by necessity may be implied by law or created by grant or reservation where an owner of land splits the property into two parcels and sells one, leaving one of the parcels landlocked except for access across the other parcel; regardless of whether the easement is implied by law or created by grant or reservation, the party asserting the right to the easement need only show that the easement is reasonably necessary, not strictly necessary, to the enjoyment of the benefited property; access rights will be implied unless the parties clearly indicate they intended a contrary result.

*Neil E. Wallace,* for the plaintiff.

*John A. Lygizos,* for the defendants.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and HOEKSTRA, JJ.

PER CURIAM. This case involves a dispute over an easement. Plaintiff Thomas Chapdelaine sold a one-acre parcel of property to defendants Ralph E. and Linda Sochocki and subsequently filed suit against defendants after they denied plaintiff the right to use an easement over their property. Plaintiff claimed the easement for access to an adjoining rear parcel, which plaintiff retained and which became land-locked upon his conveyance of the one-acre parcel to defendants. Defendants appeal as of right from the judgment, following a bench trial, granting plaintiff an easement by reservation and by necessity across defendants' property to plaintiff's adjacent, rear parcel.[1] We affirm.

I

Defendants claim that the trial court erred in finding that both an easement by necessity and an easement by reservation existed over their property for access by plaintiff to his adjoining parcel. We review the trial court's findings of fact in a bench trial for clear error and conduct a review de novo of the court's conclusions of law. MCR 2.613(C); *Walters v Snyder,* 239 Mich App 453, 456; 608 NW2d 97 (2000).

---

[1] Instant defendants also appealed an order of the trial court granting the instant plaintiff's and additional named parties' motion for summary disposition regarding defendants' damages claims in a related case. *Sochocki v Transamerica Title Ins Co,* Docket No. 220043.

In this case, we find no error in the trial court's determination that an easement was established by reservation and by necessity.

An easement may be created by an express reservation in a document of conveyance, as when, at the time a parcel of property is conveyed by its owner, the owner reserves an easement over it for himself. See 1 Cameron, Michigan Real Property Law (2d ed), § 6.6, p 194. To create an express grant or reservation of an easement, there must be language in the instrument of conveyance manifesting a clear intent to create the easement. *Forge v Smith,* 458 Mich 198, 205; 580 NW2d 876 (1998). See also 25 Am Jur 2d, Easements and Licenses, §§ 18 and 19, pp 586-589. It is not necessary that the party reserving the easement right use any particular words as long as the intent to claim an easement is apparent and it is described sufficiently so that the easement and the parcel of land to which the right is attached can be determined, using parol evidence if necessary. See 25 Am Jur 2d, Easements and Licenses, § 18, pp 586-587.

In this case, the access easement was claimed by plaintiff and found by the court to have been created by an express reservation in the document of conveyance, the purchase agreement. The trial court found that the easement language in plaintiff's counteroffer memorandum, in which plaintiff included the access easement as a condition of the sale of the one-acre parcel, and plaintiff's insertion of this condition into the purchase agreement manifested a clear intent by plaintiff to create the subject easement. We agree with the trial court that the easement language was sufficient evidence of the intent of the parties to create plaintiff's right to an easement over defendants'

property. *Forge, supra* at 205. Plaintiff's counteroffer clearly states the intent to reserve an easement "to the adjacent 1½ acre lot from the front of [defendants'] lot line." The purchase agreement contained substantially similar language reserving a "minimum access easement" from the front lot to the back lot. At a minimum, defendants were in possession of such facts as would lead a reasonable person to make further inquiry into the nature and extent of the easement. See *Lakeside Associates v Toski Sands*, 131 Mich App 292, 298; 346 NW2d 92 (1983).

However, defendants argue that the easement reservation was invalid because plaintiff neglected to include language claiming a right to an easement in the warranty deed. Generally, a deed executed in performance of a contract for the sale of land operates as satisfaction and discharge of the terms of the executory contract. *Mueller v Bankers Trust Co of Muskegon*, 262 Mich 53, 57; 247 NW 103 (1933). However, an exception exists where the deed does not constitute full performance of the purchase agreement. *Id.*; *Goodspeed v Nichols*, 231 Mich 308, 316; 204 NW 122 (1925).

In *Kahn-Reiss, Inc v Detroit & Northern Savings & Loan Ass'n*, 59 Mich App 1; 228 NW2d 816 (1975), we addressed the validity of an easement reservation in an option contract that was omitted from the subsequent warranty deed. In *Kahn-Reiss*, the plaintiff offered defendants an option to purchase two lots, reserving in the option contract the right to "a suitable and passable means of ingress and egress" to an adjoining property. However, the plaintiff transferred the property to defendants with a warranty deed that did not include any language regarding the easement

mentioned in the option contract. We found that because the easement provision of the preliminary contract could not become effective until after delivery of the deed, the deed did not fulfill the easement provision and the provision was not merged into the deed. *Id.* at 6-7.[2]

Similarly, in the present case, the easement reserved by plaintiff was not capable of fulfillment until after the deed was delivered and, therefore, was not fulfilled by the deed. Because the deed plaintiff delivered to defendants did not constitute full performance of the easement provision in the purchase agreement, the doctrine of merger does not apply here to extinguish plaintiff's express easement reservation. *Id.*; *Goodspeed, supra* at 316; *Mueller, supra* at 57.

Defendants also argue that the trial court erred in finding that an easement by necessity existed. An easement can also be created by operation of law, including an easement by necessity. Cameron, §§ 6.5, 6.10, pp 193, 201. Such an easement may be implied by law where an owner of land splits his property so that one of the resulting parcels is landlocked except for access across the other parcel. *Schmidt v Eger*, 94 Mich App 728, 732; 289 NW2d 851 (1980); Cameron, § 6.10, pp 201, 203-204.

An easement by necessity may arise either by grant, where the grantor created a landlocked parcel in his grantee, or it may arise by reservation, where the

---

[2] The Court in *Kahn-Reiss* ultimately determined that the easement provision in the option contract was not valid because it was too indefinite to be enforced. *Id.* at 11. As we stated earlier, we find the language of plaintiff's reservation in the present case to be sufficiently clear to manifest the intent of the parties to allow plaintiff to reserve an easement.

grantor splits his property and leaves himself land-locked. *Goodman v Brenner*, 219 Mich 55, 59; 188 NW 377 (1922); *Moore v White*, 159 Mich 460, 463-464; 124 NW 62 (1909). Regardless of whether the easement at issue is implied by law or by reservation, the party asserting the right to the easement need only show that the easement is reasonably necessary, not strictly necessary, to the enjoyment of the benefited property. *Schmidt, supra* at 735. See also 1 Restatement Property, Servitudes, 3d, § 2.15. An easement by necessity is based on the presumed intent of the parties and is supported by public policy that favors the productive and beneficial use of property. *Schmidt, supra* at 732. In a conveyance that deprives the owner of access to his property, access rights will be implied unless the parties clearly indicate they intended a contrary result. 1 Restatement Property, Servitudes, 3d, § 2.15, pp 204, 208-209.

We agree with the trial court that defendants did not clearly and expressly manifest an intent that plaintiff's adjoining 1½-acre parcel would not have an access right upon severance from defendants' parcel. Plaintiff, as the grantor, needed only to show that the access easement was reasonably necessary. *Schmidt, supra* at 735. Plaintiff met that burden, and in fact showed strict necessity given that his remaining parcel was landlocked and that, without the easement, he would have no right of ingress and egress to the remaining parcel. It was not a matter of mere convenience, and it was immaterial that plaintiff could have negotiated a right of access with other adjoining landowners or that defendants might have been willing to negotiate and sell plaintiff an access easement to the adjoining 1½-acre parcel. *Moore, supra* at 464.

Defendants offer no authority for their contention that the two types of easements are mutually exclusive, or for their assertion that the court could not properly find that an easement should be granted on the basis of both an express reservation and necessity. We will not search for law to sustain defendants' position where defendants fail to cite any authority supporting their claim. *Patterson v Allegan Co Sheriff*, 199 Mich App 638, 640; 502 NW2d 368 (1993).

We are convinced that the trial court did not err in determining that an easement was established under both alternative theories where there was factual support for each theory and where there was but a singular remedy obtained by plaintiff, namely, the grant of the subject easement. We affirm the trial court's judgment granting an easement by reservation and by necessity.

II

Defendants also claim error regarding an alleged reformation of the deed that was either requested by plaintiff or ordered by the trial court. However, there is no factual basis for this assertion. To the contrary, it is clear from the language of the judgment that the trial court never reformed the deed, but merely granted plaintiff's claimed easement and provided a legal description of the easement. Defendants' position on this issue is completely lacking in merit.

III

Equally without merit is defendants' third claim, whereby they assert that, under the law of the case doctrine, this Court's prior, July 21, 1995, opinion pre-

cluded the trial court from addressing the issue of easement by reservation, absent the presentation of additional evidence that was not before this Court when the previous decision was issued.

In December 1992, the trial court granted summary disposition pursuant to MCR 2.116(C)(10) in favor of plaintiff on his claim for an easement by necessity, but denied plaintiff's motion for a determination that, *as a matter of law*, there was no material issue of fact that plaintiff had an easement by reservation. Defendants appealed the order granting the easement by necessity. In an unpublished opinion, we reversed the trial court's partial grant of plaintiff's motion for summary disposition. *Chapdelaine v Sochocki*, unpublished opinion per curiam of the Court of Appeals, issued July 21, 1995 (Docket No. 161121). We determined that "all implied easements are based on the presumed intent of the parties" and *"at this stage of the litigation,* it is impossible to presume an intent by plaintiff and defendants to create an easement" (emphasis added). *Id.* In our opinion, we "[left] it to the trier of fact to determine whether an easement should be presumed under these circumstances" and remanded for further proceedings. *Id.*

On remand, and before trial, defendants moved to preclude plaintiff from presenting evidence at trial regarding an easement by reservation, arguing that the trial court's denial of summary disposition of this claim and our decision constituted an adjudication dismissing the claim. In an unpublished order, we reversed the trial court's order that precluded evidence of plaintiff's claim of easement by reservation. *Chapdelaine v Sochocki*, unpublished order of the Court of Appeals, entered March 24, 1999 (Docket No.

217531). In our order, we explained that the law of the case doctrine did not apply because the question whether an easement by reservation exists was not before this Court previously and was not specifically or implicitly decided. *Id.* We further explained that "[t]he statement in this Court's previous opinion [that an intent to create an easement could not be presumed at that stage of the proceedings] . . . was clearly intended to show only that genuine issues of material fact exist regarding the presumed intent of the parties . . . ." *Id.*

We again hold that the law of the case doctrine did not preclude the trial court from determining the issue of the intent of the parties regarding an easement by reservation. See *Brown v Drake-Willock Int'l, Ltd,* 209 Mich App 136, 144; 530 NW2d 510 (1995). Indeed, because we previously determined that the law of the case doctrine was inapplicable to the question whether an easement by reservation existed, our previous determination of this issue in the March 1999 order is itself a decision that is governed by the law of the case and should not be decided differently now. See *People v Fisher,* 449 Mich 441, 446-447; 537 NW2d 577 (1995). Although defendants may be dissatisfied with our prior ruling that the law of the case doctrine was inapplicable to preclude litigation of the easement by reservation claim at trial, defendants had all the relief to which they were entitled where they sought rehearing of our order making that determination, rehearing was denied, and defendants did not appeal the ruling to our Supreme Court. *Bruce Twp v Gout (After Remand),* 207 Mich App 554, 557-558; 526 NW2d 40 (1994).

Additionally, after we reversed the trial court's partial grant of summary disposition and remanded the case to the trial court, defendants *stipulated* an order by the trial court, entered on June 26, 1996, to reinstate plaintiff's complaint expressly including plaintiff's claims for easement by reservation and implied easement of necessity. A party cannot stipulate a matter and then argue on appeal that the resultant action was error. *Weiss v Hodge (After Remand)*, 223 Mich App 620, 636; 567 NW2d 468 (1997).

IV

Finally, defendants contend that the trial court erred in dismissing their claims for damages arising out of the easement.

Defendants' claim for damages, and the trial court's dismissal of defendants' claim for damages, did not arise in this case. Rather, it arose in the related, but separate case of *Sochocki v Transamerica Title Ins Co* (Docket No. 220043). See n 1, *supra*. We have no jurisdiction in this instant appeal to decide defendants' issue regarding damages. MCR 7.203(A)(1); *People v Anderson*, 209 Mich App 527, 538; 531 NW2d 780 (1995).

Affirmed.