# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY ALLEN EMERY and KATHERINA
WEISS-EMERY,

UNPUBLISHED
July 19, 2016

Plaintiffs/Counterdefendants-
Appellees,

v

No. 327115
Kalamazoo Circuit Court

PAUL R. COSTANZO and WANDA B.
COSTANZO,

LC No. 2014-000314-CZ

Defendants/Counterplaintiffs-
Appellants.

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Defendants/counterplaintiffs Paul and Wanda Costanzo appeal of right from the final order entered in this property dispute action. On appeal, they challenge the trial court's previous order granting plaintiffs/counterdefendants' motion for summary disposition pursuant to MCR 2.116(C)(10), and seek the disqualification of the circuit court judge who decided this matter. We affirm.

This case concerns two contiguous parcels of real property located in Kalamazoo County. Both plaintiffs and defendants acquired their respective parcels in 2010. On May 21, 2014, plaintiffs sued defendants for trespass. Defendants filed a counterclaim alleging adverse possession, acquiescence, trespass, and tortious interference with a business. On April 10, 2015, the trial court granted plaintiffs' motion for summary disposition with regard to defendants' claims of adverse possession and acquiescence, and three days later plaintiffs and defendants stipulated (1) to dismiss defendants' counterclaim with prejudice and (2) that the boundaries of the parcels were as described in the deeds. "A party cannot stipulate to a matter and then argue on appeal that the resultant action was error." *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001). Thus, defendants may not maintain their position on appeal that the April 10, 2015 order of summary disposition on their counterclaim for acquiescence was improper, since defendants stipulated to the dismissal of their counterclaim.

Defendants also argue that the trial court erred in not recusing itself from the case. We decline to consider this unpreserved issue, which is raised for the first time on appeal. *Polktown*

-1-

*Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). And, given our affirmance of the trial court's order of dismissal, the issue is moot as no further proceeding will take place in the trial court.

Affirmed.


/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter