# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GREEN/WILDER, Minors.

UNPUBLISHED
July 12, 2018

Nos. 341459; 341461; 341462
Wayne Circuit Court
Juvenile Division
LC No. 15-520777-NA

*In re* KC WILDER, Minor.

No. 341464
Wayne Circuit Court
Juvenile Division
LC No. 12-508935-NA

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

In Docket No. 341459 of these consolidated appeals[1], respondent-mother appeals by right the order terminating her parental rights to EG, JG, and CW. In Docket No. 341461, respondent-father Christopher Wilder appeals by right the order terminating his parental rights to CW. In Docket No. 341462, respondent-father Randy Green appeals by right the order terminating his parental rights to EG and JG. In Docket No. 341464, respondent-father Wilder appeals by right the order terminating his parental rights to KW.[2] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Child protective proceedings commenced for all four children in September 2015. Petitioner, Department of Health and Human Services (DHHS), filed a petition seeking removal of the children from respondent-mother's and Wilder's home, alleging that respondent-mother and Wilder had substance abuse issues, that their housing was unsuitable, that Wilder had several

---

[1] See *In re Green/Wilder Minors; In re KC Wilder Minor*, unpublished order of the Court of Appeals, entered December 27, 2017 (Docket Nos. 341459; 341461; 341462; 341464).

[2] Respondent-mother is not KW's mother. KW's mother is deceased.

domestic violence convictions, and that he had recently overdosed on opiates. Petitioner also alleged that Green had not supported his children in several years and had a history of substance abuse. The trial court took jurisdiction over the children when respondent-mother and Green admitted the allegations contained in the petition, and after a bench trial regarding Wilder. EG and JG were placed with their paternal grandparents, while KW and CW were placed with their paternal grandmother. Petitioner provided all respondents with treatment plans in December 2015.

Over the next 15 months, respondents all failed to comply with their treatment plans. Respondent-mother and Wilder never obtained suitable housing. They never submitted to petitioner's drug screens, although they did provide some drug screens for the trial court immediately before or after hearings. They also never attended domestic violence counseling despite Wilder's extensive history of domestic violence and a referral from their caseworker for those services. Wilder never participated in infant mental health services with his children, although he did participate in parenting classes. Green initially complied with most of his court-ordered services, but began testing positive for cocaine in November 2016, and was incarcerated in July 2017. Green never completed substance abuse services. On March 8, 2017, petitioner filed supplemental petitions seeking the termination of respondents' parental rights. On May 8, 2017, the trial court conducted a bench trial on the termination petitions. During the bench trial, respondents each separately made admissions, which the trial court relied upon in finding that statutory grounds existed for the termination of respondents' parental rights.

The trial court conducted a best-interest hearing on four separate dates between June and October 2017. At the conclusion of the best-interest hearing, the trial court found that respondents were bonded with their children and that the children were doing well in their relative placements, but that the children's need for stability, along with their foster parents' willingness to adopt them, supported its conclusion that termination of respondents' parental rights was in the best interests of each child. The trial court subsequently entered an order terminating respondents' parental rights. These appeals followed.

## II. STANDARD OF REVIEW

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). This Court reviews for clear error a trial court's factual determination that statutory grounds exist for termination. *Id*.; MCR 3.977(K). "Appellate courts are obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

Once a statutory ground for termination of parental rights has been established, the trial court must order the termination of parental rights if it finds by a preponderance of the evidence "that termination of parental rights is in the child's best interests." MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews for clear error the trial

-2-

court's best-interest determination. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

## III. STATUTORY GROUNDS FOR TERMINATION

Respondents all argue that the trial court clearly erred by finding that a statutory ground existed for the termination of their parental rights. We disagree.

The trial court terminated each of respondents' parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). Those provisions state in relevant part as follows:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

MCR 3.971 allows a respondent in a child protective proceeding to make a plea of admission to the allegations in a petition, at any time after the filing of the petition. A respondent who pleads to the allegations in a petition waives a later challenge on appeal to the sufficiency of the evidence supporting statutory grounds for termination of parental rights. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) (finding that where the respondent pleaded no contest to the allegations in the petition at a termination hearing and she claimed no irregularity in her plea on appeal, her argument that the evidence to support termination was not clear and convincing was waived). A respondent may not assign as error on appeal something that he or she admitted to below; allowing a respondent to do so would permit the respondent to "harbor error as an appellate parachute." *Id*. In other words, " 'A party cannot stipulate [to] a

matter and then argue on appeal that the resultant action was error.' " *Holmes v Holmes*, 281 Mich App 575, 588; 760 NW2d 300 (2008), quoting *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001). Further, a respondent who pleads to the allegations in a petition to terminate parental rights waives challenge on appeal to the sufficiency of the evidence supporting termination. *Hudson*, 294 Mich App at 264. Each respondent has therefore waived any challenge to the evidence in support of statutory grounds for termination unless his or her admission was not knowingly, understandingly, and voluntarily made, or lacked a factual basis. *Hudson*, 294 Mich App at 264; see also MCR 3.971(C). Respondents make no argument that their admissions were invalid for those reasons; rather they merely assert that the trial court lacked clear and convincing evidence that a statutory ground for termination existed.

Even if respondents had challenged their admissions, we would conclude the trial court did not clearly err by accepting them. At the May 8, 2017 bench trial on the supplemental petition for termination of parental rights, respondents each separately admitted the existence of a statutory ground for termination. Respondent-mother admitted that EG, JG, and CW were removed from her home on September 24, 2015 and that the trial court gave her a treatment plan on December 8, 2015. She further admitted that she had not completed the requirements of her treatment plan and that "the conditions that existed then, some of them still exist today." Relying on respondent-mother's admissions, the trial court found that a statutory basis existed for terminating her parental rights.

Wilder testified that he was the father of CW and JW. He further admitted that he was given a treatment plan in December 2015, that there were certain tasks that he was asked to do, and that he had not yet completed those tasks. He also testified that he understood that his admissions gave the trial court sufficient grounds to terminate his parental rights. Relying on Wilder's admissions, the trial court found that a statutory basis existed for terminating his parental rights.

Finally, Green admitted that EG and JG were removed from respondent-mother's care, that he was given a treatment plan in December 2015, that there were certain tasks that he was asked to do, and that he had not successfully completed the treatment plan, including his required drug treatment. He testified that he understood that his admissions gave the trial court sufficient grounds to terminate his parental rights. Relying on Green's admissions, the trial court found that a statutory basis existed for terminating his parental rights.

All three respondents admitted the existence of statutory grounds to terminate his or her parental rights, as allowed by MCR 3.971(A). The record establishes that respondents' admissions were knowingly, understandingly, and voluntarily made, and had a factual basis. The trial court advised respondents of their right to a trial, their right to cross-examine witnesses, their right to present witnesses, and petitioner's burden of proof in establishing the alleged statutory grounds. Respondents indicated that they understood those rights. Further, respondents' admissions that they had been offered a variety of services, that they had failed to complete those services or comply with their treatment plans, and that the conditions that led to the adjudication therefore continued to exist, combined with the fact that they had been given time to make changes, established a factual basis to find that statutory grounds for termination existed under MCL 712A19b(3)(c)(*i*), (g), and (j). See *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014). Because respondents' pleas of admission were knowingly, understandingly,

and voluntarily made, as well as accurate, respondents have therefore waived any appellate challenge to the existence of a statutory basis for terminating their parental rights. *Hudson*, 294 Mich App at 264.[3]

## IV. BEST-INTEREST DETERMINATION

Respondent-mother and Green[4] both argue that the trial court erred by finding that the termination of their parental rights was in their children's best interests. We disagree.

> The trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*White*, 303 Mich App at 713-714 (quotation marks and citations omitted).]

Respondent-mother and Green both argue that they had a significant bond with their respective children and that the children's placement with relatives weighed against the termination of their parental rights. At the conclusion of the lengthy best-interest hearing, the trial court acknowledged that respondent-mother and Green each loved their children and there was a bond between each of them and their children. However, the trial court also addressed the children's need for permanency, stability, and finality, as well as the advantages of relative-care placement over respondent-mother's and Green's homes. Respondent-mother was homeless at the time of termination and had not addressed many of the issues that had led to adjudication, most notably her substance abuse. Green was incarcerated at the time of termination. Respondent-mother and Green each acknowledged that all of their respective children were placed with their paternal grandparents, and that the relative-care placements provided safe and secure environments for the children. The trial court found that the relative-care placements offered stability that respondent-mother and Green each were unable to provide. The trial court also considered the fact that the children's parental grandparents were willing to adopt them if respondent-mother's and Green's parental rights were terminated. Contrary to respondent-mother's and Green's contentions, the trial court did consider their bond with the children and their placement in relative care. However, other factors weighed in favor of termination of their parental rights; the trial court did not clearly err by determining that these other factors outweighed any countervailing considerations. See *White*, 303 Mich App at 713.

---

[3] In light of our holding, we do not address Wilder and Green's arguments that petitioner failed to make reasonable efforts at reunification and properly provide them with services.

[4] Wilder presents no argument regarding the trial court's best-interest determination.

Respondent-mother and Green also both assign error to the trial court's failure to order guardianship for the children with their grandparents with whom they were placed. We disagree. The purpose of a guardianship is to avoid the termination of parental rights. *In re Mason*, 142, 168-169; 782 NW2d 747 (2010). A guardianship can allow a child to keep a relationship with a parent when placement with that parent is not currently possible. *In re TK*, 306 Mich App 698, 705; 859 NW2d 208 (2014). However, MCL 712A.19a(4), the statute authorizing guardianship, "contemplates the appointment of a guardian only after the permanency planning hearing." *TK*, 306 Mich App at 707. And "the appointment of a guardian is only appropriate after the court has made a finding that the child cannot be safely returned to the home, yet initiating termination of parental rights is clearly not in the in child's best interests." *Id*. If the trial court determines that termination is not in the child's best interests, it may then "find that it is in the child's best interests" to order a guardianship. *Id*.

Here, the trial court determined that termination was in the children's best interests. In doing so, the trial court explicitly considered their placement with relatives and the possibility of guardianship. See *Mason*, 486 Mich at 164. The trial court stated that it considered the possibility of guardianship, especially with regard to EG, the youngest child (and thus the child with the longest time, before reaching adulthood, for Green or respondent-mother to become capable of parenting him). But the trial court ultimately stated that termination of parental rights and the subsequent possibility of adoption by the children's relatives was in the children's best interests, for the reasons discussed. The trial court did not clearly err by doing so. *Olive/Metts*, 297 Mich App at 40.

In summary, the trial court did not clearly err by concluding that respondents' admissions provided a basis for its holding that statutory grounds existed for the termination of respondents' parental rights. Because respondents' pleas of admission were knowingly, understandingly, and voluntarily made, as well as accurate, they have waived their various challenges to the sufficiency of the evidence supporting the trial court's finding. Further, for the reasons stated, the trial court did not clearly err by determining that the termination of respondent-mother's and Green's parental rights was in the children's best interests.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra