# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* H. A. P. WORLDS, Minor.

UNPUBLISHED
November 1, 2018

No. 342884
Wayne Circuit Court
Family Division
LC No. 10-493130-NA

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child, HW, under MCL 712A.19b(3)(g) (failure to provide proper care and custody),[1] (i) (parental rights to sibling terminated due to serious and chronic neglect or abuse),[2] and (j) (reasonable likelihood of harm if returned to parent). We affirm.

Respondent first argues that the trial court erred in finding that the statutory grounds were proven by clear and convincing evidence. We disagree.

---

[1] MCL 712A.19b(3)(g) has been amended, effective June 12, 2018. See 2018 PA 58. Under the version effective at the time respondent's case was before the trial court, termination could occur where a parent, "without regard to intent, fails to provide proper or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). Under the new version of the statute, the "without regard to intent" language was removed and replaced with "although, in the court's discretion, financially able to do so." MCL 712A.19b(3)(g) as amended by 2018 PA 58.

[2] Effective June 12, 2018, MCL 712A.19b(3)(i) has been amended. See 2018 PA 58. Under the version of the statute in effect at the time respondent's case was before the trial court, a prior termination involving serious neglect or physical or sexual abuse is a statutory ground to terminate parental rights to a sibling when "prior attempts to rehabilitate the parents have been unsuccessful." MCL 712A.19b(3)(i). Under the new version of the statute, a prior termination involving serious neglect or physical or sexual abuse is a statutory ground to terminate rights to a sibling only when "the parent has failed to rectify the conditions that led to the prior termination of parental rights." MCL 712A.19b(3)(i) as amended by 2018 PA 58.

As an initial matter, we observe that respondent has waived this issue on appeal. "A party cannot stipulate [to] a matter and then argue on appeal that the resultant action was error." *Holmes v Holmes*, 281 Mich App 575, 588; 760 NW2d 300 (2008), quoting *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001). To allow a respondent to assign "error on appeal [to] something that she deemed proper in the lower court" would "permit [a] respondent to harbor error as an appellate parachute." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). Moreover, a respondent who pleads to a petition's allegations waives the ability to challenge on appeal the sufficiency of the evidence supporting statutory grounds for termination, as long as his or her plea was knowingly, understandingly, and voluntarily made, as well as accurate. See *id*.; MCR 3.971(C).

Respondent stipulated to the allegations in the petition. However, respondent now argues that the evidence to support the statutory grounds, specifically MCL 712A.19b(3)(g), (i), and (j), was not clear and convincing. With respect to MCL 712A.19b(3)(g) and (i), this is in direct contradiction of her stipulation.[3] The record reflects that respondent's plea was knowingly, understandingly, and voluntarily made, as well as accurate. The trial court advised respondent of her rights, and respondent repeatedly asserted that she understood that her plea meant relinquishment of those rights. Moreover, respondent does not now challenge her plea on appeal. Because respondent stipulated to the allegations in the petition, and her plea was knowingly, understandingly, and voluntarily made, as well as accurate, respondent has waived her challenge on appeal to the sufficiency of the evidence supporting termination under MCL 712A.19b(3)(g) and (i). See *Hudson*, 294 Mich App at 264; MCR 3.971(C). However, even setting aside the issue of respondent's waiver, we conclude that the trial court's decision terminating respondent's parental rights was correct.

Generally, "[t]his Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). The trial court's order terminating respondent's parental rights reflects that it found by clear and convincing evidence under MCL 712A.19b(3)(g), (i), and (j) that respondent's parental rights to HW should be terminated. In relevant part, MCL 712A.19b(3) authorizes a court to terminate parental rights if it finds by clear and convincing evidence that any one of the following exist:

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

---

[3] Respondent stipulated to the grounds supporting termination pursuant to MCL 712A.19b(3)(g) and (i).

-2-

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful.

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights[.]" *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

The trial court reviewed, and took judicial notice of, the extensive record in this case. Respondent's failure to complete a parent-agency agreement (PAA) and her inability to obtain stable housing demonstrates her inability to provide proper care and custody for HW under MCL 712A.19b(3)(g). See *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014) ("A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody.") Moreover, respondent's parental rights to her four other children, were terminated on February 28, 2017, because of serious and chronic abuse, neglect and cruelty toward the children. Evidence was also presented regarding respondent's failure to benefit from services, reflecting that prior attempts to rehabilitate respondent were unsuccessful. Thus, we agree with the trial court that clear and convincing evidence was presented supporting termination of respondent's parental rights under MCL 712A.19b(3)(g) and (i).[4]

Respondent also argues that termination of her parental rights was not in HW's best interest. We disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's conclusions regarding best interests are reviewed for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). A "finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. In considering the child's best interests, the trial court's focus must be on the child and not the parent. *In re Moss*, 301 Mich App at 87. "In

---

[4] Given our determination that the trial court correctly concluded that termination of respondent's parental rights was warranted pursuant to MCL 712A.19b(3)(g) and (i), we need not reach the issue whether respondent's parental rights were properly terminated pursuant to MCL 712A.19b(3)(j). *In re Ellis*, 294 Mich App at 32.

deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 713-714 (citations omitted). Under the doctrine of anticipatory neglect, "[h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014) (quotation marks and citation omitted).

The trial court terminated respondent's parental rights on the basis that her rights to her other four children were terminated and because she could not successfully complete a PAA. The record evidence demonstrated that respondent did not and could not benefit from a PAA, and the trial court expressed concern that giving respondent the chance to plan for HW would simply delay respondent's inevitable return to court for noncompliance with her PAA. The trial court was also concerned that respondent would not have time to focus on her PAA because of a busy work schedule where she was juggling two jobs. The trial court also observed that respondent was flouting an earlier order of the trial court by continuing to live with her mother, where her other four children, to whom her parental rights had been terminated, also resided. The trial court believed that HW deserved to be raised in a safe, stable and secure environment, free from exposure to the abuse, neglect and cruelty that KM, ZM, CM, and MM had experienced. The trial court felt that respondent could not provide such an environment and, unwilling to risk HW's well-being, found that termination of respondent's parental rights was in HW's best interest.

The trial court did not clearly err in finding that termination of respondent's parental rights was in HW's best interest. Nicole Miller, a Child Protective Services (CPS) employee, testified about respondent's failure to benefit from her two previous treatment plans in 2010 and 2016. Miller noted that although respondent successfully completed the 2010 treatment plan, and her other four children were returned to her care, they were subsequently subjected to further abuse and neglect by respondent in 2015. After the abuse in 2015, respondent was given another treatment plan in 2016, but did not successfully complete it. Specifically, respondent did not complete parenting classes or therapy services. While the record reflects that respondent was attending counselling at the time of the February 6, 2018 hearing, she had not shared any of the pertinent documentation or records with Miller.

Miller also testified about the physical abuse that KM and ZM suffered at the hands of respondent and her then-boyfriend, which included being kicked and punched in the stomach, thrown down stairs, and instructed to sleep in the basement of their home, which was flooded, had wet mattresses, and contained 27 cats. Moreover, Miller indicated that respondent had either duct taped or placed socks in the mouths of ZM and KM to prevent them from talking too much or snoring when sleeping. Respondent conceded during her testimony at the best interests hearing that KM and ZM suffered severe trauma while under her care. Miller believed that, based on respondent's prior parenting history, it was in HW's best interests to have respondent's parental rights to HW terminated. Miller reasoned that respondent failed to benefit from previous services, and was not financially secure enough to obtain suitable housing as of the best

interest hearing.  Miller also believed that termination was in HW's best interests because of the events that led to the termination of respondent's parental rights to KM, ZM, CM, and MM, and respondent had not resolved the issues that caused the previous termination.  The trial court found that termination was "absolutely necessary" here to protect HW and prevent her from being "possibly exposed to what the other children were exposed to."  Given that "[h]ow a parent treats one child is certainly probative of how that parent may treat other children," combined with the other record evidence in this case, the trial court's best interest determination is not clearly erroneous. *In re LaFrance Minors*, 306 Mich App at 730.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood