*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

MICHAEL H. ALLEN,

      Plaintiff-Appellant,

v

LAURA McDOWELL, BRANDON
McDOWELL, and UNDERWOOD FARMS
ASSOCIATION,

      Defendants-Appellees.

UNPUBLISHED
October 8, 2019

No. 345902
Grand Traverse Circuit Court
LC No. 2018-034525-CK

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff, Michael H. Allen, appeals by right the trial court's order granting summary disposition in favor of defendants and denying plaintiff's motion for a preliminary injunction. We dismiss this appeal as moot.

This case arises from a dispute between property owners in the Underwood Farms condominium development regarding the construction of a home on a vacant lot. Specifically, defendants Laura and Brandon McDowell sought to construct a home on the lot, and plaintiff already lived in a home on an adjacent parcel. Plaintiff sued both the McDowells and the Underwood Farms Association over the effect the McDowell home would have on his view of West Grand Traverse Bay across the McDowells' lot. The gravamen of plaintiff's claim is that his home was rendered unlivable because the McDowells' home partially obstructed some of his view of the water. Defendants made numerous accommodations, none of which plaintiff deemed adequate. Plaintiff sought only injunctive relief in the trial court, notwithstanding his assertion for the first time on appeal that he seeks money damages. During the pendency of this appeal, plaintiff sold his property.

An issue is moot when an event occurs that renders it impossible for the reviewing court to grant relief. *C D Barnes Ass'n, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013); *King v Dep't of State Police*, 303 Mich App 162, 192; 841 NW2d 914 (2013). Because there is no dispute that plaintiff no longer owns a home in the Underwood Farms

condominium, it is obviously impossible for any court to craft an injunctive remedy that will preserve his view from that home. Plaintiff's claims for injunctive relief are therefore moot.

Plaintiff contends, for the first time, that he is entitled to money damages. Substantive merits aside, plaintiff never raised any such claim below. The only two places in the lower court where plaintiff even *arguably* alluded to money damages were in the last sentence of his complaint and in the last paragraph of his motion for preliminary injunction, each of which sought undefined, and essentially boilerplate, "other relief." These vague, one-sentence incidental references do not suggest that plaintiff was interested in money damages. Plaintiff did not provide any indication elsewhere in the lower court record suggesting that he had any interest in anything other than injunctive relief. As a consequence, this issue is unpreserved and need not be addressed for the first time on appeal. See *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993); *Walters v Nadell*, 481 Mich 377, 387-389; 751 NW2d 431 (2008).

Plaintiff's failure to advance any argument in the trial court for money damages might be considered a mere forfeiture. This Court may, in its discretion, overlook forfeitures under exceptional circumstances. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). However, plaintiff did not merely fail to raise the issue. Throughout the lower court proceedings, plaintiff affirmatively and repeatedly disclaimed any interest in or right to monetary damages. In general, failing to timely assert a right merely forfeits the issue, whereas intentionally and voluntarily relinquishing a known right effectuates a waiver. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 68-69; 642 NW2d 663 (2002); *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999). If an issue is waived, any error is extinguished; as a consequence, no error exists for this Court to review. *People v Carter*, 462 Mich 206, 215-216, 612 NW2d 144 (2000). "A party cannot stipulate a matter and then argue on appeal that the resultant action was error." *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001). It is clear from reading plaintiff's complaint *as a whole* and reviewing the entire record that plaintiff has not only failed to preserve the issue, but he in fact unambiguously waived it.

Because no court can craft any injunctive relief that will benefit plaintiff, and plaintiff waived any claim for money damages, we dismiss this appeal as moot. Defendants may tax costs. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Amy Ronayne Krause