*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VVM PROPERTIES, LLC,

Plaintiff/Counterdefendant,

and

AMAR TOMA,

Intervening Plaintiff-Appellee,

v

HAMI PROPERTIES, LLC,

Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
March 23, 2023

No. 362276
Macomb Circuit Court
LC No. 2020-004549-CH

Before: CAVANAGH, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Defendant/counterplaintiff Hami Properties, LLC appeals as of right, challenging an order granting intervening plaintiff Amar Toma's motion for partial summary disposition and denying Hami Properties' request for summary disposition. We affirm.

## I. BACKGROUND

This case arises out of a dispute over real property located at 13426 23 Mile Road in Shelby Township, Michigan (the property). On January 20, 2020, VVM Properties, LLC, as the seller, and Toma, as the purchaser, entered into a purchase agreement for the sale of the property. Believing the purchase agreement with Toma would be defaulted, VVM Properties then entered into a purchase agreement with Hami Properties for the sale of the property on June 22, 2020. Toma, however, did not default under the purchase agreement and wanted to proceed with the sale of the property. VVM Properties notified Hami Properties it would not close on the sale of the property.

After VVM Properties failed to close under the terms of the purchase agreement, Hami Properties filed a claim of interest in the property with the Macomb County Register of Deeds by

sworn affidavit stating, in pertinent part: (1) on June 22, 2020, Hami Properties entered into "a certain Offer to Purchase Real Estate: New Mortgage" for the purchase of real property where VVM Properties was the seller and Hami Properties was the purchaser; and (2) this affidavit was made to give notice of the existence of the purchase agreement between the parties. VVM Properties requested to terminate the purchase agreement with Hami Properties to proceed with the sale of the property to Toma, but Hami Properties refused to release its claim of interest on the property.

Thereafter, VVM Properties filed a complaint against Hami Properties, asserting a claim for quiet title and slander of title, as well as a declaratory judgment and an injunction against Hami Properties. Hami Properties counterclaimed, asserting a claim for quiet title and a breach-of-contract claim. Toma was added as an intervening party and filed an intervening complaint asserting a claim for tortious interference with a contractual relationship, and seeking a declaratory judgment. Toma moved for partial summary disposition on his claim for declaratory judgment and Hami Properties' counterclaim for quiet title under MCR 2.116(C)(8) and MCR 2.116(C)(10), arguing: (1) Hami Properties did not have an interest in the property because a purchase agreement was not a conveyance of real estate; and (2) Hami Properties' counterclaim for quiet title should be dismissed because there was no conveyance of real estate that would entitle Hami Properties to record an interest. Hami Properties opposed Toma's motion, arguing that the purchase agreement conveyed an interest in the property; Hami Properties was the grantee of an interest in the property; and Hami Properties properly recorded its interest. Hami Properties also requested the trial court to grant summary disposition in its favor under MCR 2.116(I)(2) because there was no question of fact Hami Properties had a superior interest in the property under MCL 565.29.

Subsequently, the trial court granted Toma's motion for partial summary disposition and denied Hami Properties' request for summary disposition, finding that the purchase agreements were executory contracts for the sale of land and not conveyances under MCL 565.29. The trial court explained that a purchase agreement is a contract for the sale of land, and the execution of a purchase agreement transfers an equitable interest in property. Therefore, "only the execution of a purchase agreement gives rise to the right of possession." The trial court also opined: "[E]ven if the purchase agreements acted as a conveyance of the Property, evidence has been presented that Hami [Properties] had notice concerning the possible rights of another in the Property." Finally, the trial court found: (1) the contract between VVM Properties and Toma is valid and Toma has superior contractual rights to purchase the property; (2) Hami Properties' claim of interest must be released to allow VVM Properties and Toma to execute the closing on the property; and (3) Hami Properties is not the legal owner of the property and is not entitled to quiet title. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint." *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(8) may only be granted "where the claims

alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (quotation marks and citation omitted).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. "In deciding whether to grant a motion for summary disposition pursuant to MCR 2.116(C)(10), a court must consider the affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. *Bonner v City of Brighton*, 495 Mich 209, 220-221; 848 NW2d 380 (2014) (quotation marks, citation, and alteration omitted). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120. A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

We also "review de novo the interpretation and application of a statute as a question of law. If the language of a statute is clear, no further analysis is necessary or allowed." *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

## III. ANALYSIS

Hami Properties argues that the trial court erred in granting partial summary disposition in favor of Toma because Hami Properties' purchase agreement with VVM Properties created a present interest in the property, and therefore, implicated MCL 565.29. We disagree.

"In general, Michigan is a race-notice state under MCL 565.29, wherein the owner of an interest in land can protect his or her interest by properly recording it, and the first to record an interest typically has priority over subsequent purchasers or interest holders." *Wells Fargo Bank, NA v SBC IV REO, LLC*, 318 Mich App 72, 96; 896 NW2d 821 (2016). MCL 565.29 states:

> Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quit-claim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof.

Relatedly, MCL 565.1 states:

> Conveyances of lands, or of any estate or interest therein, may be made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and acknowledged or proved and recorded as directed in this chapter, without any other act or ceremony whatever.

"Under MCL 565.29, the holder of a real estate interest who first records his or her interest generally has priority over subsequent purchasers." *Richards v Tibaldi*, 272 Mich App 522, 539; 726 NW2d 770 (2006). MCL 565.35 defines "conveyance," stating:

> The term "conveyance," as used in this chapter, shall be construed to embrace every instrument in writing, by which any estate or interest in real estate is created, aliened, mortgaged or assigned; or by which the title to any real estate may be affected in law or equity, *except* wills, leases for a term not exceeding 3 years, and *executory contracts for the sale or purchase of lands*. [Emphasis added.]

An executory contract is "a contract that remains wholly unperformed or for which there remains something still to be done on both sides, often as a component of a larger transaction and sometimes memorialized by an informal letter agreement, by a memorandum, or by oral agreement." *Black's Law Dictionary* (8th ed), p 369.[1] "Interests in land are usually created or transferred only by act or operation of law or by written deed of conveyance." *Evans v Holloway Sand & Gravel, Inc*, 106 Mich App 70, 79; 308 NW2d 440 (1981).[2] A contract for the sale of land is a purchase agreement. *Zurcher v Herveat*, 238 Mich App 267, 291; 605 NW2d 329 (1999). "Generally, a deed executed in performance of a contract for the sale of land operates as satisfaction and discharge of the terms of the executory contract." *Chapdelaine v Sochocki*, 247 Mich App 167, 171; 635 NW2d 339 (2001).

Hami Properties contends it had an executed purchase agreement with VVM Properties, and therefore, had an interest in the property. However, Hami Properties presented no evidence that the purchase agreement was fully executed. For Hami Properties' purchase agreement to be executed, Hami Properties needed to discharge all of its obligations under the purchase agreement. The purchase agreement stated VVM Properties would deliver a warranty deed conveying marketable title of the property to Hami Properties at closing in exchange for Hami Properties' payment of $850,000. It is undisputed that (1) Hami Properties and VVM Properties did not close on the property; (2) VVM Properties did not convey a deed to Hami Properties; and (3) Hami Properties did not pay the purchase price for the property. As such, the purchase agreement was

---

[1] As discussed by our Supreme Court in *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 621 n 62; 886 NW2d 135 (2016):

> "An undefined statutory term must be accorded its plain and ordinary meaning. A lay dictionary may be consulted to define a common word or phrase that lacks a unique legal meaning. A legal term of art, however, must be construed in accordance with its peculiar and appropriate legal meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008) (citations omitted). If the definitions are the same in both a lay dictionary and legal dictionary, it is unnecessary to determine whether the phrase is a term of art, and it does not matter to which type of dictionary this Court resorts. *Id*.

[2] Opinions from this Court issued before November 1, 1990 are not precedentially binding but may be considered persuasive authority. *Redmond v Heller*, 332 Mich App 415, 431 n 7; 957 NW2d 357 (2020).

never fully executed, and Hami Properties never obtained an interest in the property.  See *Evans*, 106 Mich App at 79 ("Interests in land are usually created or transferred only by act or operation of law or by written deed of conveyance."); see also *Chapdelaine*, 247 Mich App at 171 ("Generally, a deed executed in performance of a contract for the sale of land operates as satisfaction and discharge of the terms of the executory contract.").  Both VVM Properties and Hami Properties had unperformed obligations under the purchase agreement, and therefore, the signed purchase agreement was an executory contract.  To implicate MCL 565.29, there must be a conveyance of real estate.  See MCL 565.29.  Executory contracts, like the purchase agreement in this case, are excluded from the definition of a conveyance under MCR 565.35.  The trial court did not err in granting partial summary disposition in favor of Toma because the purchase agreement between Hami Properties and VVM Properties was not a conveyance under MCL 565.29; therefore, Hami Properties did not have an interest in the property.

Hami Properties also argues that the trial court erred in concluding that it was not a bona fide purchaser.  Because we have concluded that Toma was entitled to partial summary disposition on the ground that the purchase agreement between Hami Properties and VVM properties was not a conveyance within the meaning of MCL 565.29, we need not decide this issue.

Affirmed.  Toma is entitled to costs as the prevailing party.  See MCR 7.219(A).


/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Stephen L. Borrello

-5-